Liu v. Lynch

BIA
Wright, IJ
A201 157 812

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand fifteen.

PRESENT:
>  ROBERT A. KATZMANN,
>       *Chief Judge*,
>  REENA RAGGI,
>  CHRISTOPHER F. DRONEY,
>       *Circuit Judges*.

_____

YUE SHENG LIU,
>       *Petitioner*,

>  v.                                        13-4538
>                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,[*]
>       *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Anthony C. Payne, Senior

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

**Litigation Counsel; Yedidya Cohen, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yue Sheng Liu, a native and citizen of China, seeks review of the November 6, 2013 decision of the BIA affirming the November 15, 2012 decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Yue Sheng Liu,* No. A201 157 812 (B.I.A. Nov. 6, 2013), *aff'g* A201 157 812 (Immig. Ct. N.Y.C. Nov. 15, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). An applicant may establish eligibility for

asylum and withholding of removal based on past persecution on account of a protected ground (race, religion, nationality, membership in a particular social group, or political opinion). *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks and citations omitted). The harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).

In this case, the agency reasonably concluded that Liu did not meet his burden of establishing past persecution or a well-founded fear of future persecution. As to past persecution, Liu alleged that Chinese authorities demolished his family's home during "reconstruction" of the neighborhood, beat and subsequently detained him for one night after he complained about and sought compensation for the demolition, and raided a Christian house church meeting he attended. The agency reasonably determined that, even in the aggregate, Liu's account was insufficient to constitute persecution, particularly given that he did not allege any

3

specific economic or physical harm as a result of these incidents. *See Mei Fun Wong*, 633 F.3d at 72; *Matter of T-Z-*, 24 I. & N. Dec. 163, 170-73 (B.I.A. 2007) (explaining that, for economic harm to constitute persecution, it must be sufficiently "severe" to "constitute a threat to an individual's life or freedom"); *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding "no error" in BIA's conclusion that alien failed to establish persecution because, "*prior* to his arrest and detention by local police, he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting effect" (emphasis in original)). Moreover, the agency reasonably determined that Liu presented no evidence that his political opinion or religion was a central reason for his asserted harm. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).

To establish a well-founded fear of future persecution, an applicant must show that he subjectively fears persecution and that this fear is objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). An applicant need not "provide evidence that there is a reasonable possibility he or she would be singled out

4

individually for persecution if . . . [t]he applicant establishes that there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant." 8 C.F.R. § 1208.13(b)(2)(iii).

Here, the agency did not err in concluding that Liu failed to demonstrate a well-founded fear of future persecution. As the IJ found, Liu did not show that police in China are looking for him, *see Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008), and he acknowledged that his aunt continues to practice Christianity unharmed in China, *see Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Moreover, the IJ acknowledged that the Chinese government targets Christians who publicly proselytize, but reasonably found that Liu's testimony indicated that he was not likely publicly to proselytize in China. Furthermore, the agency noted that the U.S. Department of State International Religious Freedom Report for 2011, as well as other record country conditions evidence, indicates that at least 50 to 70 million individuals practice Christianity in unregistered churches in China and that authorities in some areas of China, including Liu's, do not interfere with such individuals' religious practices. This evidence did not

5

compel a finding that Liu's fear of being singled out for persecution is objectively reasonable, or that there is a pattern or practice of persecution against similarly situated practitioners. *See Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern-or-practice claim); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008) (stating that agency is not compelled to resolve record conflicts in applicant's favor so long as substantial evidence raises doubt that authorities will single out applicant for persecution and agency does not overlook contrary evidence).

Accordingly, the agency did not err in denying asylum, withholding of removal, and CAT relief, because it reasonably found that Liu failed to demonstrate past persecution or torture, or a well-founded fear of future persecution. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Liu's pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6